IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS ZOOK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. |
| ) | |
| IOWA PACIFIC HOLDINGS, LLC, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant IOWA PACIFIC HOLDINGS, LLC, through its undersigned attorney, and pursuant to 28 U.S.C. §§1332 and 1441, petitions this Court for removal of this civil action on the basis of diversity jurisdiction, and in support thereof, states as follows:

1. On April 11, 2014, Plaintiff filed this negligence action in the Circuit Court of Cook County, Illinois, entitled *Zook v. Iowa Pacific Holdings, LLC*, No. 14 L 004140. (*See* Complaint, attached as Exhibit A). Although Plaintiff has not yet properly served the Complaint, Defendant received a copy of it on April 22, 2014.

2. In the Complaint, Plaintiff alleges that he was a resident of Grand Rapids, Michigan at all relevant times. Plaintiff also alleges that Defendant is an Illinois corporation that owns, operates and/or manages the Pullman Rail Journeys, a private rail transportation service between Chicago and New Orleans. Defendant is domiciled in the State of Illinois. (Ex. A, ¶¶1-3).

3. Plaintiff alleges that he fell and suffered "severe and permanent injuries" while he was a passenger on Defendant's train as it was traveling from New Orleans to Chicago. Plaintiff's injuries allegedly include great pain and suffering, medical expenses, loss of normal

life, lost wages and permanent and severe disfigurement. He is seeking damages in excess of the jurisdictional limit for actions in the Law Division of the Circuit Court of Cook County, Illinois, which is $50,000.00. (*See* Ex. A, ¶¶9-10).

4. In pre-suit communications with Plaintiff, he as alleged that he suffered a full rotator cuff tear to his shoulder as a result of the fall, for which he has had and will again need surgery. According to Plaintiff, the incident allegedly left him with permanent weakness and pain in his arm and shoulder and a permanent range of motion deficiency, resulting in a loss of normal life and employment.

5. Plaintiff's action is removable pursuant to 28 U.S.C. §§1332 and 1441(b). This Court has diversity jurisdiction over Plaintiff's Complaint because Plaintiff and Defendant are citizens of different states and Plaintiff's alleged injuries suggest the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6. Removal is timely pursuant to 28 U.S.C. §1446(b) in that this Notice has been filed within thirty (30) days of the earliest receipt by any Defendant of a copy of the Complaint.

Respectfully submitted,

IOWA PACIFIC HOLDINGS, LLC

s/ Patrick R. Moran
One of its attorneys

Patrick R. Moran
LOWIS & GELLEN LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
T: (312) 364-2500
F: (312) 364-1003

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| THOMAS ZOOK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: |
| IOWA PACIFIC HOLDINGS, LLC, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

NOW COMES the Plaintiff, THOMAS ZOOK, by and through his attorneys, SEIDMAN, MARGULIS & FAIRMAN, LLP, and for his Complaint against the Defendant, IOWA PACIFIC HOLDINGS, LLC, states as follows:

1. That at all times relevant to this Complaint, the Plaintiff, THOMAS ZOOK, was a resident of Grand Rapids, Michigan.

2. That all times relevant to this Complaint, the Defendant, IOWA PACFIC HOLDINGS, LLC, was an Illinois Corporation with its primary place of business located in Chicago, Cook County, Illinois.

3. That at all times relevant to this Complaint, the Defendant, IOWA PACIFIC HOLDINGS, LLC, owned, operated, managed and/or controlled Pullman Rail Journeys, a private rail transportation service which operated rail routes including but not limited to a roundtrip route between Chicago, Illinois and New Orleans, Louisiana.

4. That on November 17, 2012, the Plaintiff, THOMAS ZOOK, was a passenger on the aforementioned Pullman Rail Journey, returning from New Orleans, Louisiana and arriving in Chicago, Cook County, Illinois.

5. That on said date, there was an axle break which took place on the subject return

Pullman Rail Journey from New Orleans, Louisiana to Chicago, Illinois, requiring all passengers to remain in the dining car.

6. That the dining car on the subject Pullman Rail Journey included various tables adjacent to the walking aisle that had movable swivel tops, and further said dining car did not provide any handles, straps or other stationary objects for passengers to utilize to steady themselves while walking in the aisle of the subject dining car.

7. That at the aforementioned time and place, Defendant, IOWA PACIFIC HOLDINGS, LLC, as a common carrier, owed a duty to exercise the highest practical degree of care to its passengers, including the Plaintiff, THOMAS ZOOK.

8. That in violation of the aforementioned duty identified in paragraph seven above, the Defendant committed one or more of the following negligent acts and/or omissions:

    (a) Equipped its dining car with tables adjacent to the aisle that featured movable swivel tops, posing a hazard to those passengers, including the Plaintiff, that ambulated in the aisle of the dining car and attempted to brace themselves by placing their hands on the swivel tops;

    (b) Failed to provide passengers with a reasonably suitable alternative to the tables with swivel tops for bracing themselves while ambulating in the moving railcar;

    (c) Failed to warn passengers of the existence of the movable tops on the tables in the dining cars when it knew or in the exercise of the highest standard of care should have known that said tables would be used for bracing by passengers ambulating in the aisle of its dining car;

    (d) Was otherwise careless and/or negligent.

9. That on November 17, 2012, as a result of one or more of the aforementioned negligent acts and/or omissions committed by the Defendant, IOWA PACIFIC HOLDINGS, LLC, the Plaintiff, THOMAS ZOOK, was caused to violently fall when he was ambulating in the dining car of the Pullman Rail Journey en route to Chicago, Illinois, when he placed his hands on

2

the swivel top of a table adjacent to the aisle.

10. That as a further direct and proximate result of one or more of the aforesaid careless and/or negligent acts and/or omissions of the Defendant, the Plaintiff sustained severe and permanent injuries, suffered great pain and suffering, has incurred and will continue to incur medical and related expenses, has sustained and will continue to sustain a loss of normal life, has become severely and permanently disfigured and has lost wages from work.

WHEREFORE, Plaintiff, THOMAS ZOOK, requests that judgment be entered in his favor and against the Defendant, IOWA PACIFIC HOLDINGS, LLC, for an amount in excess of the jurisdictional limits plus the costs of this suit.

Respectfully submitted,

SEIDMAN MARGULIS & FAIRMAN, LLP

By: _____
Attorney for Plaintiff

Ryan A. Margulis
Seidman Margulis & Fairman, LLP
500 Lake Cook Road – Suite 350
Deerfield, IL 60015
Tel: (847) 580-4223
Firm No.: 57415